## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION and KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE, NATIONAL SECURITY AGENCY, CENTRAL INTELLIGENCE AGENCY, and OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>　　　　　　　Defendants. | No. _____ |

## <u>COMPLAINT FOR INJUNCTIVE RELIEF</u>

1.　　This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the immediate release of agency records concerning the restrictions imposed by statute, regulation, or the First Amendment on government surveillance targeting members of the news media or otherwise implicating the freedoms of speech, association, or the press.

2.　　Various statutes authorize government searches, seizures, and other forms of surveillance that implicate core First Amendment freedoms, including the freedoms of speech, association, and the press. Cognizant of these implications, Congress has in several of these statutes prohibited the government from conducting surveillance based solely on activity protected by the First Amendment. Likewise, the Department of Justice ("DOJ") and other federal agencies have adopted policy or regulatory constraints, such as those set forth in the DOJ's "Media Guidelines," on the use of law enforcement investigative authorities to obtain records and

information about members of the news media. 28 C.F.R. 50.10.[1]

3.     Yet other investigative authorities, such as the government's authority to issue national security letters ("NSLs") compelling third parties to disclose records about their customers, 18 U.S.C. § 2709, do not appear to be subject to any statutory or regulatory limitations designed to protect the news media or otherwise minimize their impact on First Amendment freedoms.[2]

4.     Recent reports of government investigations into journalists, political dissenters, and political protesters call into question the adequacy of existing limitations on the government's surveillance authority to protect First Amendment rights. For example, earlier this year the DOJ demanded that the web host for a website called DisruptJ20.org, which organized protests on the day of President Trump's inauguration, turn over data encompassing 1.3 million IP addresses and other information associated with the thousands of individuals who had visited the website.[3] The DOJ narrowed its demand only after public condemnation on First Amendment grounds.[4]

5.     Additionally, on August 4, 2017, the DOJ announced that it had tripled the number

---

[1] *See* U.S. Dep't of Justice, Updated Policy Regarding Obtaining Information From, or Records of, Members of the News Media, and Regarding Questioning, Arresting, or Charging Member[s] of the News Media (Jan. 14, 2015), https://perma.cc/C5FV-L7F6; U.S. Dep't of Justice, Report on Review of News Media Policies (July 12, 2013), https://perma.cc/HV4P-W77K.

[2] *See* Trevor Timm, *New Documents Shed Light on the Justice Dept's Secret Rules for Targeting Journalists with National Security Letters*, Freedom of the Press Found. (Jan. 8, 2016), https://perma.cc/7NA5-XH65.

[3] Robinson Meyer, *Can the U.S. Government Seize Anti-Trump Website's Visitor Logs?* (Aug. 15, 2017), https://perma.cc/X2WY-RWEB; Laurel Wamsley, *DOJ Demands Files on Anti-Trump Activists, and a Web Hosting Company Resists*, NPR (Aug. 15, 2017), https://perma.cc/6NBR-TXD6.

[4] Morgan Chalfant, *DOJ Drops Request for IP Addresses from Trump Resistance Site*, The Hill (Aug. 22, 2017), https://perma.cc/9GZB-GX7W; *see also* Jessica Schneider, *DOJ Demands Facebook Information from 'Anti-Administration Activists'*, CNNpolitics (Sept. 30, 2017), https://perma.cc/VF6G-LE8E.

of active investigations into leaks of government information since President Trump took office, and that it would be "reviewing policies affecting media subpoenas" in connection with those investigations.[5] On November 14, 2017, Attorney General Jeff Sessions confirmed before Congress that the DOJ currently has twenty-seven open leak investigations—nine times as many investigations as in the previous year.[6]

6.      Given these recent developments, it is urgent that the government disclose records clarifying the precise limitations placed on its surveillance powers to protect the freedoms of speech, association, and the press. The public has a right to know those limitations and to know whether the government is in fact complying with them.

7.      Toward that end, Plaintiffs Freedom of the Press Foundation and the Knight First Amendment Institute at Columbia University submitted an identical FOIA Request (the "Request") on October 10, 2017 to the DOJ,[7] the National Security Agency ("NSA"), the Central Intelligence Agency ("CIA"), and the Office of the Director of National Intelligence ("ODNI"). The Request sought, among other things, documents concerning the limitations imposed upon any of the government's investigative authorities by the First Amendment and documents concerning any limitations on investigative activities to obtain or use records or information of or about members of the news media.

8.      On October 23, 2017, the NSA notified Plaintiffs of two publicly available

---

[5] News Release, U.S. Dep't of Justice, Attorney General Jeff Sessions Delivers Remarks at Briefing on Leaks of Classified Materials Threatening National Security (Aug. 4, 2017), https://perma.cc/NQQ8-82F2.

[6] Betsy Woodruff, *Leak Investigations Rise 800% Under Jeff Sessions*, Daily Beast (Nov. 14, 2017), https://perma.cc/4AZP-DQDC.

[7] Specifically, Plaintiffs submitted the Request to the DOJ Office of Information Policy ("OIP") and Office of Legal Counsel ("OLC"), as well as the Federal Bureau of Investigation ("FBI").

documents responsive to their request. All other Defendants have failed to release any records responsive to the Request.

9.      Plaintiffs now seek the injunctive relief necessary to ensure Defendants' timely compliance with FOIA's requirements.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11.     Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12.     Freedom of the Press Foundation ("FPF") is a non-profit organization established under the laws of the State of California, with its primary office in San Francisco, California. The mission of FPF is to advocate for government transparency and accountability by preserving the rights guaranteed to the press under the First Amendment and fortifying the public's right to know. As a core part of that mission, FPF educates the public about government protocols and procedures involving the press and uses FOIA to obtain and publish documents detailing government activities that impinge on press freedom. FPF is a "person" within the meaning 5 U.S.C. § 551(2).

13.     The Knight First Amendment Institute at Columbia University ("Knight Institute") is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning 5 U.S.C. § 551(2).

14.     The DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of

Information Policy ("OIP"), the Office of Legal Counsel ("OLC"), and the Federal Bureau of

Investigation ("FBI") are components of the DOJ. The DOJ and its components the OIP, the OLC,

and the FBI have possession and control over some or all of the requested records.

15.     The NSA is an "agency" within the meaning of 5 U.S.C. § 552(f). The NSA has

possession and control over some or all of the requested records.

16.     The CIA is an "agency" within the meaning of 5 U.S.C. § 552(f). The CIA has

possession and control over some or all of the requested records.

17.     The ODNI is an "agency" within the meaning of 5 U.S.C. § 552(f). The ODNI has

possession and control over some or all of the requested records.

## FACTUAL ALLEGATIONS

### *The FOIA Request*

18.     On October 10, 2017, Plaintiffs submitted identical versions of the Request[8] to all

Defendants.

19.     In general, the Request seeks documents concerning limitations imposed upon any

of the government's investigative authorities by the First Amendment and documents concerning

limitations on the government's investigative activities to obtain or use records or information of

or about members of the news media. The Request further seeks related portions of the current

version of the FBI Domestic Investigations and Operations Guide ("DIOG").

20.     Specifically, the Request seeks the following documents[9] created on or after May 1,

---

[8] A true and correct copy of the Request is attached hereto as Exhibit A.

[9] The Request defined the term "documents" to include but not be limited to directives, policies,
procedures, memoranda, guidance, training material, presentations, and emails.

2013:

> (1) all documents concerning any limitations on investigative activities, including the use of law enforcement and national security investigative authorities,[10] to target, acquire, retain, disseminate, or use records or information of or about members of the news media;[11]
>
> (2) all documents concerning the limitations imposed upon any of the government's investigative authorities by the First Amendment; and
>
> (3) all portions of the current FBI DIOG that discuss any limitations on any investigative activities, including the use of law enforcement and national security investigative authorities, to target, acquire, retain, disseminate, or use records or information of or about members of the news media, and/or any other limitations on those investigative activities imposed by the First Amendment.

21.     Plaintiffs requested expedited processing of the Request on the ground that Plaintiffs are organizations "primarily engaged in disseminating information" and there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

22.     Plaintiffs also requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) Plaintiffs are each "representative[s] of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight

---

[10] The Request defined the term "national security investigative authorities" to include but not be limited to NSLs, "exigent letters," and Foreign Intelligence Surveillance Act ("FISA") orders or directives.

[11] The Request defined the term "members of the news media" broadly to include journalists, reporters, bloggers, and other members of media, press, and news organizations.

Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

### *Agency Responses*

23.     By letter dated October 13, 2017, the OLC acknowledged receipt of the Request and assigned it reference number FY18-008. The OLC denied the Knight Institute's request for expedited processing and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. The OLC further noted that it had tentatively assigned the Request to the "complex" processing track and that it was unlikely to meet the twenty-day statutory time limit to respond.

24.     By letter dated October 16, 2017, the CIA acknowledged receipt of the Request and assigned it reference number F-2018-00105. The CIA denied Plaintiffs' request for expedited processing and granted their request for a fee waiver. To date, the CIA has released no records responsive to the Request.

25.     By letter dated October 20, 2017, the OIP acknowledged receipt of the Request and assigned it reference numbers DOJ-2018-000135 (AG), DOJ-2018-000288 (DAG), and DOJ-2018-000289 (ASG). The OIP denied Plaintiffs' request for expedited processing and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver. The OIP further noted that "unusual circumstances" applied to the Request, as it required a search in and/or consultation with another office; that the OIP would need to extend the time limit for its response beyond the additional ten days provided by statute; and that it had assigned the Request to the "complex" processing track.

26.     By letter dated October 23, 2017, the NSA acknowledged receipt of the Request and assigned it reference number 102733. The NSA granted Plaintiffs' request for expedited

processing and stated that there are no assessable fees for the Request. The NSA further noted that it had begun to process the Request and provided the online locations of two publicly available documents responsive to the Request: Executive Order 12,333 and U.S. Signals Intelligence Directive SP0018. To date, the NSA has released no other records responsive to the Request.

27.     By letter dated October 23, 2017, the ODNI acknowledged receipt of the Request and assigned it reference number DF-2018-00020. The ODNI denied Plaintiffs' request for expedited processing and granted their request for a fee waiver. To date, the ODNI has released no records responsive to the Request.

28.     By letter dated November 2, 2017, the FBI acknowledged receipt of the Request and assigned it reference number 1388236-000. The FBI informed Plaintiffs that their request for a fee waiver was under consideration. By letter dated November 7, 2017, the FBI granted Plaintiffs' request for expedited processing. To date, the FBI has released no records responsive to the Request.

## CAUSES OF ACTION

29.     Defendants' failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

30.     Defendants' failure to process the Request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

31.     Defendant DOJ's, Defendant CIA's, and Defendant ODNI's failure to grant Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

32.     Defendant DOJ's failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendant DOJ's

corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

A.    Order Defendants to conduct a thorough search for responsive records;

B.    Order Defendants to process and release any responsive records immediately;

C.    Enjoin Defendant DOJ from charging Plaintiff search, review, and duplication

      fees relating to the Request;

D.    Order Defendants to disclose any wrongfully withheld records;

E.    Award Plaintiffs their reasonable costs and attorney's fees incurred in this action;

      and

F.    Grant such other and further relief as the Court may deem just and proper.

November 29, 2017                           Sincerely,

                                            /s/ Alex Abdo
                                            Alex Abdo (AA-0527)
                                            Carrie DeCell (application for admission
                                               forthcoming)
                                            Knight First Amendment Institute at
                                               Columbia University
                                            206 Kent Hall
                                            1140 Amsterdam Avenue
                                            New York, NY 10027
                                            alex.abdo@knightcolumbia.org
                                            (212) 854-9600

                                            *Counsel for Plaintiffs*