GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2679
Facsimile:  (212) 637-2686
Email: jean-david.barnea@usdoj.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

FREEDOM OF THE PRESS FOUNDATION
and KNIGHT FIRST AMENDMENT
INSTITUTE AT COLUMBIA
UNIVERSITY,

          Plaintiffs,

    v.

DEPARTMENT OF JUSTICE, NATIONAL
SECURITY AGENCY, CENTRAL
INTELLIGENCE AGENCY, and OFFICE OF
THE DIRECTOR OF NATIONAL
INTELLIGENCE,

          Defendants.

17 Civ. 9343 (JGK)

---

## ANSWER

Defendants the Department of Justice ("DOJ"), National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), and Office of the Director of National Intelligence ("ODNI," and collectively, "Defendants" or the "Government"), by and through their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answer the Complaint for Injunctive Relief (the "Complaint") filed by plaintiffs Freedom of the Press

Foundation and Knight First Amendment Institute at Columbia University (collectively, "Plaintiffs") as follows:

1. Paragraph 1 states Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1, except admit that this is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the production of agency records.

2. The first two sentences of Paragraph 2 set forth legal conclusions to which no response is required, and reference (without specifying) "various" federal statutes. To the extent it is possible to identify the referenced statutes, Defendants respectfully refer the Court to them for a true and complete statement of their contents. The third sentence of Paragraph 2 sets forth Plaintiffs' characterization of 28 C.F.R. § 50.10 as well as other unspecified "policy or regulatory constraints," to which no response is required. Defendants respectfully refer the Court to the cited regulation (and to any other relevant "policy or regulatory constraints," to the extent they are possible to identify) for a true and complete statement of their contents. With respect to footnote 1, Defendants respectfully refer the Court to the cited documents for a true and complete statement of their contents.

3. Paragraph 3 sets forth legal conclusions to which no response is required, and references certain governmental "investigative authorities," including a particular federal statute. Defendants respectfully refer the Court to the cited statute (and to any other relevant "investigative authority," to the extent it is possible to identify), for a true and complete statement of their contents. With respect to footnote 2, Defendants respectfully refer the Court to the cited document for a true and complete statement of its contents.

4.     The first sentence of Paragraph 4 sets forth Plaintiffs' views as to "the adequacy of existing limitations on the government's surveillance authority to protect First Amendment rights," to which no response is required. To the extent a response is required, Defendants deny the allegation in the first sentence of Paragraph 4. The second and third sentences of Paragraph 4 contain Plaintiffs' summary of certain news articles cited in footnotes 3 and 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited articles for a true and complete statement of their contents.

5.     The first sentence of Paragraph 5 sets forth Plaintiffs' characterization of a DOJ announcement regarding its investigations into leaks of government information (cited in footnote 5), to which no response is required. The second sentence of Paragraph 5 sets forth Plaintiffs' characterization of the Attorney General's testimony before Congress regarding such investigations (as described in the news article cited in footnote 6), to which no response is required. Defendants respectfully refer the Court to the cited information for true and complete statements of its contents.

6.     Paragraph 6 set forth Plaintiffs' views about the need for certain disclosures from the Government, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 6 as overbroad and argumentative.

7.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of the first clause of the first sentence of Paragraph 7, which relates to the Plaintiffs' motivation for making their FOIA request. Defendants admit the allegation in the remainder of the first sentence of Paragraph 7 (including footnote 7), that Plaintiffs' FOIA request to the Defendants is dated October 10, 2017, but deny that the request was received by the agencies on that date. The second sentence of Paragraph 7 is Plaintiffs' characterization of

3

their FOIA request, to which no response is required.  Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and complete statement of its contents.

8. Defendants admit the allegation in the first sentence of Paragraph 8 that NSA's response, dated October 23, 2017, identified two publicly available documents as responsive to Plaintiffs' FOIA request.  Defendants deny the allegation in the second sentence of Paragraph 8, except admit that no agency other than NSA released any documents responsive to Plaintiffs' FOIA request before the Complaint was filed.

9. Paragraph 9 sets forth Plaintiffs' characterization of the relief they are seeking in this action, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any relief.

10. Paragraph 10 states a legal contention to which no response is required.

11. Paragraph 11 states a legal contention to which no response is required.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 12.  The fourth sentence of Paragraph 12 states a legal contention to which no response is required.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 13.  The fourth sentence of Paragraph 13 states a legal contention to which no response is required.

14. The first sentence of Paragraph 14 states a legal contention to which no response is required.  Defendants admit the allegations in the second sentence of Paragraph 14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 14 because DOJ has not yet completed its search for documents responsive to Plaintiffs' FOIA request, and further note that DOJ's Office of

Information Policy ("OIP") is responsible for processing FOIA requests by seeking records from within OIP and six senior DOJ leadership offices,[1] but does not have custody or control of the records of the senior leadership offices.

15. The first sentence of Paragraph 15 states a legal contention to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 15 because NSA has not yet completed its search for documents responsive to Plaintiffs' FOIA request.

16. The first sentence of Paragraph 16 states a legal contention to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 16 because CIA has not yet completed its search for documents responsive to Plaintiffs' FOIA request.

17. The first sentence of Paragraph 17 states a legal contention to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 17 because ODNI has not yet completed its search for documents responsive to Plaintiffs' FOIA request.

18. Defendants admit the allegation in Paragraph 18 that Plaintiffs' FOIA request to is dated October 10, 2017, but deny that the request was received by the agencies on that date.

19. Paragraph 19 contains Plaintiffs' characterization of their FOIA request, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and complete statement of its contents.

---

[1] Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs.

20. Paragraph 20 (including footnotes 9-11) quotes portions of Plaintiffs' FOIA request, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and complete statement of its contents.

21. Paragraph 21 contains Plaintiffs' characterization of their request for expedited processing, which is contained in their FOIA request, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and complete statement of its contents.

22. Paragraph 22 contains Plaintiffs' characterization of their request for a fee waiver, which is contained in their FOIA request, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and complete statement of its contents.

23. Defendants admit the allegation in Paragraph 23 that DOJ's Office of Legal Counsel sent Plaintiffs a letter dated October 13, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents.

24. Defendants admit the allegation in the first two sentences of Paragraph 24 that CIA sent Plaintiffs a letter dated October 16, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents. Defendants admit the allegation in the third sentence of Paragraph 24.

25. Defendants admit the allegation in Paragraph 25 that DOJ's Office of Information Policy sent Plaintiffs a letter dated October 20, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents.

26. Defendants admit the allegation in the first three sentences of Paragraph 26 that NSA sent Plaintiffs a letter dated October 23, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents. Defendants admit the allegation in the fourth sentence of Paragraph 26.

27. Defendants admit the allegation in the first two sentences of Paragraph 27 that ODNI sent Plaintiffs a letter dated October 23, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents. Defendants admit the allegation in the third sentence of Paragraph 27.

28. Defendants admit the allegation in the first two sentences of Paragraph 28 that FBI sent Plaintiffs a letter dated November 2, 2017, acknowledging receipt of their FOIA request, and respectfully refer the Court to that letter for a true and complete statement of its contents. Defendants admit the allegation in the third sentence of Paragraph 28 that FBI sent Plaintiffs a further letter dated November 7, 2017, regarding Plaintiffs' request for expedited processing, and respectfully refer the Court to that letter for a true and complete statement of its contents. Defendants admit the allegation in the fourth sentence of Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. The remaining unnumbered paragraph of the Complaint lists Plaintiffs' requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief.

34.     Defendants deny all allegations in the Complaint not expressly admitted or denied.

## DEFENSES

### FIRST DEFENSE

Some or all of the requested documents are exempt from disclosure.  5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA.

### THIRD DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' FOIA request does not reasonably describe the records sought, and therefore does not comply with FOIA and/or does not trigger a search or production obligation.

### FIFTH DEFENSE

Plaintiffs' requests are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the Complaint in its entirety, and grant Defendants such other relief as the Court deems proper, including Defendants' costs and disbursements herein.

Dated:   New York, New York
         January 17, 2017

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

                              By:          s/ Jean-David Barnea
                                        JEAN-DAVID BARNEA
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2679
                                        Facsimile:  (212) 637-2686
                                        E-mail: jean-david.barnea@usdoj.gov

To:    Counsel for Plaintiffs (by ECF)