**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FREEDOM OF THE PRESS FOUNDATION
and KNIGHT FIRST AMENDMENT
INSTITUTE AT COLUMBIA
UNIVERSITY,

               Plaintiffs,

     v.

DEPARTMENT OF JUSTICE, NATIONAL
SECURITY AGENCY, CENTRAL
INTELLIGENCE AGENCY, and OFFICE
OF THE DIRECTOR OF NATIONAL
INTELLIGENCE,

               Defendants.

No. 17-cv-9343 (JGK)

### STIPULATION AND ORDER REGARDING
### DOCUMENT SEARCHES AND PROCESSING

WHEREAS, on October 10, 2017, the Freedom of the Press Foundation and the Knight

First Amendment Institute at Columbia University (collectively, the "Plaintiffs") submitted

identical requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the

Department of Justice ("DOJ"), National Security Agency ("NSA"), Central Intelligence Agency

("CIA"), and Office of the Director of National Intelligence ("ODNI") (collectively, the

"Defendants," and together with Plaintiffs, the "Parties"), seeking records concerning restrictions

imposed by statute, regulation, or the First Amendment on government surveillance targeting

members of the news media or otherwise implicating the freedoms of speech, association, or the

press (the "FOIA Requests");

WHEREAS, on November 29, 2017, Plaintiffs filed this action, seeking to compel the

release of documents in response to the FOIA Requests;

AND WHEREAS, the Parties have engaged in discussions in an attempt to reach agreement on the scope of searches that the Defendants will undertake in response to the FOIA Requests;

NOW, THEREFORE, it is hereby STIPULATED and AGREED between the Parties as follows:

1.      Defendants will produce any non-exempt records responsive to the attached Final Processing List ("FPL") in accordance with the terms of this Stipulation.  Inclusion of particular types or categories of records in the FPL is not a concession by Defendants that such records exist or that they will not be withheld, in whole or in part, pursuant to FOIA's statutory exemptions.

2.      Defendants shall complete their searches for responsive records in accordance with the FPL within 60 days from the entry of this Stipulation.  The timeframes contained herein are based on Defendants' best estimates of the time required to complete the searches, as of the date of this Stipulation.  Should some or all Defendants require additional time to complete their searches, the Parties will meet and confer and either present a revised Stipulation to the Court, or, if they cannot agree, make their respective proposals regarding the search schedule to the Court.

3.      Within 30 days after the conclusion of Defendants' searches, Defendants will advise Plaintiffs as to the approximate number, nature, and complexity[1] of responsive or potentially responsive records they have each located as a result of their respective searches and will propose a schedule for processing and producing these records.  If Plaintiffs do not agree to

_____

[1] The Agencies reserve the right to withhold some or all of this information if it is exempt under FOIA.

Defendants' proposed production schedule, the Parties will meet and confer, and if necessary, make their respective proposals regarding the processing schedule to the Court no later than 60 days after the conclusion of Defendants' searches.

4.      Within 30 days of the conclusion of all of Defendants' productions, the parties will submit a joint status report to the Court and, if necessary, a proposed schedule for further proceedings.

5.      This Stipulation and the FPL represent the final agreement between the Parties with respect to the records sought by Plaintiffs under their FOIA Requests.  Defendants are released from conducting searches for, or processing or producing, any records not encompassed by the Stipulation and FPL.  The Stipulation and FPL have no preclusive effect on future FOIA requests by plaintiffs.

6.      Any modification of this Stipulation, once endorsed, shall be by order of the Court, and any modification of the FPL shall be by written agreement of the parties or, if the parties cannot agree, by order of the Court.

7.      Nothing in this Stipulation, including the fact of its entry, should be taken as a concession by Defendants that Plaintiffs have "substantially prevailed" in this action, in whole or in part, as that term is used in 5 U.S.C. § 552(a)(4)(B).

Dated: New York, New York           Respectfully submitted,
       March 22, 2018

                                    _____
                                    Alex Abdo
                                    Ramya Krishnan (application for admission
                                      pending)
                                    Knight First Amendment Institute at
                                      Columbia University
                                    475 Riverside Drive
                                    New York, NY 11015
                                    (646) 745-8502
                                    alex.abdo@knightcolumbia.org

                                    *Counsel for the Plaintiffs*


Dated: New York, New York
       March 22, 2018

                                    GEOFFREY S. BERMAN
                                    United States Attorney
                                    Southern District of New York

                                    By: _____
                                        JEAN-DAVID BARNEA
                                        Assistant United States Attorney
                                    86 Chambers Street, Third Floor
                                    New York, NY 10007
                                    (212) 637-2679
                                    jean-david.barnea@usdoj.gov

                                    *Counsel for the Defendants*


SO ORDERED:


_____     _____
The Honorable John D. Koeltl        Date
United States District Judge

## EXHIBIT A

### Final Processing List

The following agencies or offices shall conduct searches as specified herein: the National Security Agency ("NSA"), the Central Intelligence Agency ("CIA"), the Office of the Director of National Intelligence ("ODNI"), and the following components of the Department of Justice ("DOJ"): the Federal Bureau of Investigation ("FBI"), the Office of Legal Counsel ("OLC"), the Criminal Division ("DOJ-Crim"), the National Security Division ("DOJ-NSD"), and the Office of Information Policy ("OIP") (together, the "Agencies").  Subject to the clarifications and limitations herein, the Agencies will search for the following records:

1. **Categories of Documents Requested**

   a. All Documents concerning limitations imposed by policy, regulation, statute, or the Free Speech or Free Press Clauses of the First Amendment on the use of law enforcement and national security investigative authorities to target, acquire, retain, disseminate, or use records or information of or about members of the news media.  The term "law enforcement investigative authorities" means warrants; subpoenas (grand jury, administrative, or trial); and court orders issued under the Stored Communications Act, Pen Register Act, and Wiretap Act.[2]  The term "national security investigative authorities" means National Security Letters ("NSLs"); "exigent letters"; delayed-notice warrants; and orders and directives issued under the Foreign Intelligence Surveillance Act ("FISA"), as amended.

   b. All Documents concerning the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa, and/or DOJ's Media Guidelines, 28 C.F.R. § 50.10.

   c. All targeting, minimization, and/or other procedures that were adopted by FBI, NSA, CIA, and/or the National Counterterrorism Center ("NCTC") regarding the use of law enforcement and/or national security investigative authorities to obtain records or information of or about members of the news media.

   d. All reports prepared by the NSA Office of Inspector General and/or the CIA Office of Inspector General regarding the use of law enforcement and/or national security investigative authorities to obtain records or information of or about members of the news media.

   e. All requests or statistical information concerning requests for approval to issue NSLs for the acquisition of records or information of or about members of the news media, submitted to:

---

[2] With respect to the Wiretap Act, the definition of Documents in Paragraph 2(a) shall exclude Paragraph 2(a)(vi).

    i.   the Assistant Attorney General for National Security, DOJ, and/or any of the following FBI officials: the Deputy Director, Executive Assistant Director, and Associate Executive Assistant Director for the National Security Branch; Assistant Directors and Deputy Assistant Directors for the Counterterrorism, Counterintelligence, and Cyber Divisions, and the Weapons of Mass Destruction Directorate; the General Counsel; and the Deputy General Counsel for the National Security Law Branch; or

    ii.   pursuant to section G.12 of Appendix G of the current version of the FBI Domestic Investigations and Operations Guide ("DIOG").

f.   All Documents concerning the limitations imposed by the First Amendment upon government investigative authorities relating to the following statutes or other provisions:

    i.   5 U.S.C. § 552a(e)(7);

    ii.   12 U.S.C. § 3414(a)(5)(A);

    iii.   15 U.S.C. § 1681u(a)–(c);

    iv.   18 U.S.C. § 2709(b);

    v.   50 U.S.C. § 1805(a)(2)(A);

    vi.   50 U.S.C. § 1824(a)(2)(A);

    vii.   50 U.S.C. § 1842(a)(1), (c)(2);

    viii.   50 U.S.C. § 1843(a), (b)(1);

    ix.   50 U.S.C. § 1861(a)(2)(B); and

    x.   80 Fed. Reg. 9,355, at 9,356.

g.   All portions of the current version of the FBI DIOG that discuss any limitations on any investigative activities, including the use of law enforcement and national security investigative authorities, to target, acquire, retain, disseminate, or use records or information of or about members of the news media, and/or any other limitations on those investigative activities imposed by the First Amendment, including but not limited to all sections of the current FBI DIOG that update or otherwise correspond to the following portions of the version of the FBI DIOG dated October 15, 2011:

    i.   Appendices G and Q; and

    ii.   Sections 2.84, 3.3.1.3–3.3.1.4, 3.5–3.6, 4.1–4.2, 4.4.4, 5.1, 5.3, 5.6.3.4.4.1, 5.7.1, 6.3, 6.10.1, 7.3, 7.10.1, 8.3, 8.8.1, 9.3, 9.10.1, 10.1.2.2.5, 10.1.3,

> 10.2.3, 16.1.3, 16.2.3, 16.2.3.5, 16.3.1.4.2, 16.3.1.5.3, 16.9.3, 18.2,
> 18.5.6.1, 18.5.6.4.8, 18.6.4.3.4.3, 18.6.5.3.5.1, 18.6.6.3.4, 18.6.6.3.7.4,
> 18.6.8.4.2.7, 18.6.9.5.1.1, and 19.10.

**2. Definition of "Documents"**

    a. For the purposes of Paragraphs 1(a), 1(b), and 1(f), the term "Documents" means:

        i. any formal directives, policies, procedures, or guidance;

        ii. any documents that officially authorize or modify formal directives, policies, procedures, or guidance;

        iii. any formal legal opinions;

        iv. any formal training materials or reference materials (such as handbooks, presentations, or manuals);

        v. any formal reports that are or were:

            1. authored by the Agency's inspector general or the functional equivalent thereof;

            2. submitted by the Agency to Congress, the Attorney General, the Deputy Attorney General, the President's Intelligence Oversight Board, the Privacy and Civil Liberties Oversight Board, or the Foreign Intelligence Surveillance Court; or

            3. maintained by the office of the Agency's director or head;

        vi. any formal requests by agents, investigators, or other Agency personnel for authorization to seek information from or about members of the news media, and formal dispositions of those requests by the pertinent Agency approving authority; and

        vii. any statistical information concerning the requests described in Paragraph 2(a)(vi).

    b. If any Agency reasonably believes that Documents of any of the types specified in Paragraph 2(a) would be found in emails and not in any other location, it shall conduct email searches as necessary to locate such Documents, per Paragraph 4.

**3. Date limitations**

    a. With respect to the categories of documents described in Paragraph 1, each Agency will search for and process only documents created or modified between May 1, 2013, and the date of the stipulation.

4. **Email searches**

 a. Except as provided in Paragraph 4(c), in conducting email searches as a result of Paragraph 2(b), Agencies will use the following search terms when searching for Documents responsive to Paragraph 1(b):

  i. "Privacy Protection Act"

  ii. "2000aa"

  iii. "Media Guidelines" AND ("DOJ" OR "Department of Justice")

  iv. "50.10" AND ("journalist" OR "reporter" OR "correspondent" OR "author" OR "writer" OR "news media" OR "press")

  v. ("guidelines" OR "policy" OR "policies") AND ("subpoena" OR "2703(d)" OR "2703d" OR "3123" OR "warrant" OR "2703(a)" OR "2703a" OR "2703(b) or "2703b") AND ("journalist" OR "reporter" OR "correspondent" OR "author" or "writer" OR "news media" OR "press")

 b. Except as provided in Paragraph 4(c), in conducting email searches as a result of Paragraph 2(b), Agencies will use the following search terms when searching for Documents responsive to Paragraph 1(f):

  i. "552a(e)(7)" OR "552ae7" OR "552(a)(e)(7)" OR "552(a)e7" OR "552a(e)7" OR "552ae(7)" OR "552a(e(7)" OR "552ae)(7)" OR "552a(e)(7" OR "552a(e)7)"

  ii. "3414" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

  iii. "1681u" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

  iv. "2709(b)" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

  v. "1805" AND "order" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

vi.   "1824" AND "order" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

vii.   "1842" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

viii.   "1843" AND ("first amendment" OR "protected activity" OR "protected speech" OR "journalist" OR "reporter" OR "correspondent" OR "press" OR "protest" OR "demonstration" OR "dissent" OR "newsgathering" OR "reporting")

ix.   "1861(a)(2)(B)" OR "1861a2B" OR "1861a(2)B" OR "1861a(2)B" OR "1861a(2)(B)" OR "1861(a)(2)B" OR "1861(a)2(B)" OR "1861(a)(2)(B)" OR "1861(a)(2)(B)" OR "1861(a)(2)(B)" OR "1861a2)(B)" OR "1861(a)(2)(B" OR "1861(a)(2)B)"

x.   "9,355(1)(b)(i)" OR "9355(1)(b)(i)" OR "9,356(1)(b)(i)" OR "9356(1)(b)(i)"

xi.   ("9,355" OR "9,356" OR "9355" OR "9356") AND "unmanned aircraft" AND "first amendment"

c.   If any Agency is unable to conduct a search using the search terms in Paragraph 4(a)-(b), then that Agency will search for each applicable statute or other authority listed in Paragraph 1(b) or 1(f) and then search within those results for emails containing any of the following terms: "First Amendment," "journalist," "reporter," "correspondent," "author," "writer," "protected activity," "protected speech," "protest," "demonstration," "dissent," "newsgathering," or "reporting."

d.   Nothing in this document limits each Agency's discretion to select appropriate custodians, if any, whose email will be searched.

5.   **Additional exclusions, limitations, and obligations**

a.   Where a record[3] contains information responsive to Paragraph 1, the Agency will process the entire record and produce any non-exempt portions thereof.

b.   All records produced by the Agencies shall be Bates-stamped.  Documents will generally be produced in PDF format.  In the event that certain documents do not

---

[3] *See* DOJ, *OIP Guidance: Defining a "Record" Under the FOIA*, https://www.justice.gov/oip/ oip-guidance/defining_a_record_under_the_foia.

easily lend themselves to PDF format (*e.g.*, tabular data or spreadsheets), the Parties will meet and confer regarding the format of production.

c.  Agencies do not need to process or produce news articles or news briefings.

d.  Nothing in this document requires Agencies to search in offices in which they do not reasonably believe any responsive documents will be located, whether or not a specific description of a record in Paragraph 1 suggests that certain offices should be searched.

e.  Each Agency will search only for records responsive to those portions of Paragraph 1 that reasonably relate to the Agency's operations or authority.  Each Agency reserves the right not to perform unnecessary searches where the Agency reasonably concludes that it has no responsive records to a particular request or portion of a request in Paragraph 1.  If, in the course of searching for the records described in Paragraph 1, an Agency discovers responsive records of other Agencies, it shall refer those documents to the originating Agencies for processing.